**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4493**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ASHLEE C. LIEBERT,

    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:12-cr-00096-1)

Submitted:  January 23, 2014   Decided:  February 7, 2014

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wayne D. Inge, LAW OFFICE OF WAYNE D. INGE, Roanoke, Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, William B. King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashlee C. Liebert pled guilty to knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, as defined in 18 U.S.C. § 2423(f)(1) (2012), in violation of 18 U.S.C. § 2423(b) (2012). On appeal, Liebert challenges his 144-month sentence alleging that the district court erroneously applied the cross-reference under U.S. Sentencing Guidelines Manual ("USSG") § 2G1.3(c)(1) (2012). For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, "whether inside or outside the Guidelines range," and we apply a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We first must ensure that the district court committed no significant procedural error. Id. at 51. Only if the sentence is procedurally reasonable, do we evaluate the substantive reasonableness of the sentence, again using an abuse of discretion standard of review. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). When considering a district court's application of the Sentencing Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010).

Section 2G1.3(c)(1) of the Sentencing Guidelines provides that § 2G2.1 applies by cross-reference "[i]f the

2

offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." USSG § 2G1.3(c)(1). Section 2G1.3(c)(l) "is to be construed broadly." USSG § 2G1.3, comment. (n.5).

We find no error in the district court's application of the cross-reference and rely on its finding that Liebert specifically sought qualifying images from his twelve-year-old victim via texting, ten of which were found in Liebert's possession. Indeed, Liebert, through counsel, admitted as much to the district court. Thus, we find no clear error in the district court's factual findings supporting the cross-reference. Mehta, 594 F.3d at 281. Accordingly, Liebert's sole claim on appeal is without merit, and we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED